UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD L. SISS, | ) | CASE NO. 1:16CV2019 |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff Gerald L. Siss ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. In his brief on the merits, filed on December 21, 2016, Plaintiff asserts that the administrative law judge ("ALJ"): (1) violated the treating physician rule; and (2) erred in the analysis of his pain, fatigue, and other subjective symptoms. ECF Dkt. #15 at 11-18. Defendant filed a response brief on March 6, 2017. ECF Dkt. #18. Plaintiff filed a reply brief on March 20, 2017. ECF Dkt. #19.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed his applications for DIB and SSI in July 2013, alleging disability beginning on October 1, 2012. ECF Dkt. #11 ("Tr.") at 237-49.[2] These applications were denied initially and upon reconsideration. *Id.* at 165-93. Following the denial, Plaintiff requested a hearing before an ALJ, which was held on February 4, 2015. *Id.* at 42. On March 16, 2015, the ALJ denied Plaintiff's applications for DIB and SSI. *Id.* at 24. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1.

On August 12, 2016, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. Plaintiff filed a brief on the merits on December 21, 2016. ECF Dkt. #15. Defendant filed a response brief on March 6, 2017. ECF Dkt. #18. Plaintiff filed a reply brief on March 20, 2017. ECF Dkt. #19.

## II. SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

In the decision issued on March 16, 2015, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2018. Tr. at 30. The ALJ determined that Plaintiff had not engaged in substantial gainful activity from October 1, 2012, the alleged onset date, through December 2013. *Id.* However, the ALJ found that since January 1, 2014, Plaintiff had engaged in substantial gainful activity. *Id.* Continuing, the ALJ stated that Plaintiff had the severe impairments of chronic pancreatic insufficiency and pancreatitis. *Id.* The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 32.

After consideration of the record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Tr. at 32. Specifically, the ALJ determined that Plaintiff

---

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed as a .PDF, rather that the page numbers assigned by the CM/ECF system. When the Transcript was filed the .PDF included an index, with the indexed pages differentiated from the numerical pages. Accordingly, the page number assigned in the .PDF mirrors the page number printed on each page of the Transcript, rather than the page number assigned when the Transcript was filed in the CM/ECF system.

could: occasionally lift and carry twenty pounds; frequently lift and carry ten pounds; stand and walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; perform unlimited pushing and pulling, insofar as it was consistent with the lift and/or carry limitations; never climb ladders, ropes, or scaffolds; and frequently stoop and crawl. *Id.* Next, the ALJ determined that Plaintiff was capable of performing past relevant work as a user support analyst, management analyst, and bookkeeper, and that these jobs did not require the performance of work-related activities precluded by his RFC. Tr. at 36. In conclusion, that ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from October 1, 2012, through the date of the decision. *Id.* at 37.

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra* (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)) (internal citations omitted).

## V. ANALYSIS

### A. Treating Physician Rule

Plaintiff asserts that the ALJ violated the treating physician rule when evaluating the opinion of his treating physician, Eric Lockhart, M.D. Tr. at 11-16. An ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544

(6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule ("SSR") 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and he may therefore "be bewildered when told by an administrative bureaucracy that he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable

mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

Plaintiff claims that the ALJ misconstrued the opinion of Dr. Lockhart as an opinion on an issue reserved to the Commissioner. ECF Dkt. #15 at 12. Specifically, Plaintiff asserts that after describing Dr. Lockhart's opinion, the ALJ "reduced [the opinion] to a statement that [Plaintiff] was 'unemployable.'" *Id.* (citing Tr. at 35). Plaintiff contends that Dr. Lockhart did not state that Plaintiff was "unemployable," and specifically spoke to his ability to sustain work activity, noting that he could not sustain a forty-hour workweek for fifty weeks per year due to his medical condition. *Id.* (citing Tr. at 406). Continuing, Plaintiff states that his ability to sustain a forty-hour workweek matters as "Social Security measures a person's [RFC] on a sustained basis." *Id.* According to Plaintiff, Dr. Lockhart's opinion addressed his ability to sustain a full day of work at any exertional level, including sedentary. *Id.* Plaintiff also asserts that Dr. Lockhart did not state that he was unemployable, but rather stated that he was not capable of sustaining work activity at forty hours per week. *Id.* at 12-13.

Next, Plaintiff claims that even if Dr. Lockhart's opinion was regarding an issue reserved to the Commissioner, this does not excuse further consideration of the opinion, but only means that the opinion cannot be assigned controlling weight. ECF Dkt. #15 at 13. According to Plaintiff, the ALJ must still explain the consideration given to the treating source's opinion and apply the factors of 20 C.F.R. §§ 404.1527(c) and 416.927(c). *Id.* Plaintiff claims that the ALJ did not apply these factors. *Id.* Continuing, Plaintiff avers that the ALJ failed to identify any evidence that undermined the opinion of Dr. Lockhart. *Id.* at 14. Plaintiff then argues that the ALJ's reliance on the opinion of the consultative examiner and non-examining state agency reviewing physicians did not mend the errors regarding the treatment of Dr. Lockhart's opinion. *Id.* at 15. Further, Plaintiff asserts that there is no indication that the ALJ afforded the rigorous scrutiny to which he subjected the treating physician's opinion to the other opinion of record. *Id.* at 15-16. According to Plaintiff, there is no evidence that Dr. Lockhart's opinion was weighed as required and, as such, the ALJ failed to provide "good reasons" for the weight assigned to the opinion. *Id.* at 16.

-6-

Defendant contends that the ALJ reasonably considered all of the opinion evidence in the record, including the opinion of Dr. Lockhart, which, according to Defendant, the ALJ evaluated after reviewing Dr. Lockhart's clinical records. ECF Dkt. #18 at 8-9. Continuing, Defendant asserts that the ALJ provided "good reasons" for the weight assigned to Dr. Lockhart's opinion. *Id.* at 9. Defendant states that the ALJ considered numerous observations made by Dr. Lockhart, and cited each specifically in the decision. *Id.* (citing Tr. at 35, 406). As for the opinion portion for Dr. Lockhart's statement, Defendant indicates that the ALJ cited Dr. Lockhart's assessment that Plaintiff "would not be able to hold employment at 40 hours per week," as well as the belief that Plaintiff "ha[d] a disabling condition that preclude[d] him from holding a job requiring 50 weeks a year as a bookkeeper." *Id.* (citing Tr. at 35, 406). Defendant states that the ALJ gave Dr. Lockhart's opinion little weight and "provided numerous good reasons for that determination." *Id.*

Continuing, Defendant asserts that the ALJ accurately noted that an opinion that Plaintiff was "unemployable" is "one that is reserved for the Commissioner," and that Dr. Lockhart's statement that Plaintiff was unable to hold employment was a legal conclusion, not a medical opinion. ECF Dkt. #18 at 9-10 (internal citations omitted). Defendant argues that Dr. Lockhart's opinion that he "would not be able to hold employment at 40 hours a week" and was precluded from "holding a job requiring 50 weeks a year as a bookkeeper" constitutes an opinion that Plaintiff was "unemployable." *Id.* at 10. Additionally, Defendant avers that the ALJ provided "good reasons" for determining that Dr. Lockhart's opinion was entitled to little weight, namely, that the opinion was contradicted by the record. *Id.* As an example, the ALJ indicated that Plaintiff had been performing work at a level amounting to substantial gainful activity despite Dr. Lockhart's opinion that he was unable to work. *Id.* Defendant asserts that the ALJ was not bound by a doctor's opinion that was not supported by detailed clinical and diagnostic test evidence, and that the ALJ pointed out that Dr. Lockhart's opinion did not include an actual RFC finding outlining the limitations imposed by his pancreatic impairment. *Id.* at 10-11 (internal citations omitted).

-7-

Continuing, Defendant states that the ALJ's decision shows that all of the regulatory factors outlined in 20 C.F.R. §§ 404.1527(c) and 416.927(c) were considered by the ALJ, including the: treatment relationship; frequency of treatment; supportability and consistency of the opinion; and nature and extent of the treatment relationship. ECF Dkt. #18 at 11 (internal citations omitted). Defendant asserts that the Sixth Circuit has held that there is no requirement that the ALJ list and address each factor explicitly, and that the ALJ's decision shows that each regulatory factor was considered in assessing the weight assigned to Dr. Lockhart's opinion. *Id.* at 11-12 (citing *Tilley v. Comm'r of Soc. Sec.*, 394 Fed.Appx. 216, 222 (6th Cir. 2010)). Additionally, Defendant states that the surgeries and hospitalizations that Dr. Lockhart referenced in his statement occurred in 2007 and 2008, well before the alleged onset date, and that after these events there was no evidence of additional surgeries of hospitalizations. *Id.* at 12.

Addressing Plaintiff's argument that the ALJ's decision was lacking any reference to evidence that undermines the opinion of Dr. Lockhart, Defendant asserts that the argument fails because the ALJ: (1) noted that Dr. Lockhart's opinion was conclusory and not entitled to any deference; (2) pointed out that Plaintiff's work history suggested that he was not as impaired as Dr. Lockhart suggested; and (3) cited the opinions from the state agency reviewing physicians who opined that Plaintiff, while impaired, was not wholly disabled and retained the capacity to perform a reduced range of light work. ECF Dkt. #18 at 12. Defendant indicates that the ALJ gave the opinions submitted by the state agency reviewing physicians great weight because the opinions were consistent with the record, including the objective medical evidence and clinical findings, "while adequately accounting for [Plaintiff's] pain and fatigue." *Id.* (citing Tr. at 35, 118, 146). Additionally, Defendant states that the ALJ relied on the opinion of the consultative examiner who opined that Plaintiff could tolerate light-range work, and assigned the opinion some weight as the consultative examiner had the benefit of examining Plaintiff and the opinion was consistent with the overall record. *Id.* at 13.

Plaintiff's arguments are without merit. Dr. Lockhart's opinion briefly indicated that Plaintiff required several hospital stays and surgeries over five years prior to the date of the opinion, stated that he subsequently required medications for pain, anxiety, and depression, and

-8-

noted that he had to eat small meals and made frequent, and sometimes urgent, trips to the bathroom. Tr. at 406. Dr. Lockhart then opined that Plaintiff could not work for forty hours a week and had a disabling condition that precluded him from holding a job that required fifty weeks of work per year. *Id.* The opinion issued by Dr. Lockhart is devoid of specific findings as to Plaintiff's functional limitations. Plaintiff contends that Dr. Lockhart did not state that he was unemployable, but instead was speaking about his ability to sustain work for forty hours a week, fifty weeks a year, and that this determination was relevant to his RFC. ECF Dkt. #15 at 12. This argument is undermined by Dr. Lockhart's conclusion, which states:

> [Plaintiff] would not be able to hold employment at 40 hours a week, and I do believe his has a disabling condition that precludes him from holding a job requiring 50 weeks' a year as a bookkeeper. [sic]

Tr. at 406. Plaintiff attempts to differentiate Dr. Lockhart's finding that he was unable to sustain work activity from a finding that he was "unemployable." *See* ECF Dkt. #15 at 12-13; Tr. at 35. This attempt is unconvincing, as Dr. Lockhart's opinion states that Plaintiff would be unable to hold a full-time job and does not provide specific findings regarding his limitations in support of such a statement. *See* Tr. at 35. Dr. Lockhart's statements regarding Plaintiff's employability speaks to issues reserved to the Commissioner, and therefore were not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d); SSR 96-2p.

Next, Plaintiff claims that even if Dr. Lockhart's opinion was regarding an issue reserved to the Commissioner, that ALJ did not explain the consideration given to the opinion by properly applying the factors of 20 C.F.R. §§ 404.1527(c) and 416.927(c). ECF Dkt. #15 at 13. The factors referred to by Plaintiff are the: examining relationship; treatment relationship (length, frequency, and nature and extent); supportability; consistency; specialization; and "other factors." 20 C.F.R. §§ 404.1527(c), 416.927(c). Defendant correctly points out that the ALJ was not required to address each factor explicitly. ECF Dkt. #18 at 11-12 (internal citations omitted). A review of the ALJ's opinion reveals that each factor was addressed by the ALJ.

As for the examining relationship and treatment relationship, the ALJ provided a thorough recitation of Plaintiff's treatment history with Dr. Lockhart detailing his treatment from 2011, the year before the alleged onset date, through 2014. Tr. at 33-34. The ALJ specifically

addressed the supportability of Dr. Lockhart's opinion, stating that it: was conclusory since no actual RFC finding was given; relied upon records from outside of the relevant time frame; and was inconsistent with the treatment notes. *Id.* at 35. These same findings also relate to the consistency of Dr. Lockhart's opinion. Plaintiff does not allege that Dr. Lockhart specialized in any area of medicine related to his condition. Likewise, Plaintiff does not raise any "other factors" that he brought to the ALJ's attention that should have been addressed. Accordingly, the ALJ complied with the requirements of 20 C.F.R. §§ 404.1527(c) and 416.927(c). *See* Tr. at 33-34.

Despite Plaintiff's contention to the contrary, the ALJ provided good reasons for discounting the opinion of Dr. Lockhart. As stated above, the ALJ indicated the Dr. Lockhart's opinion essentially stated that Plaintiff was unable to work without providing any findings on his functional limitations. Tr. at 35. Notably, the ALJ stated that while Dr. Lockhart opined that Plaintiff was unable to work, Plaintiff had been working at the substantial gainful activity level. *Id.* Additionally, the ALJ indicated that the surgeries and hospitalizations mentioned by Dr. Lockhart occurred in 2007 and 2008, while the opinion was issued in 2014. *Id.* The ALJ stated that no evidence of hospitalizations or surgeries existed in the relevant time frame. *Id.* Further, that ALJ noted that Dr. Lockhart's progress notes were inconsistent with his opinion that the notes did not show that Plaintiff required frequent, and sometimes urgent, trips to the bathroom. *Id.* The reasons provided by the ALJ constitute "good reasons" for discounting the opinion of Dr. Lockhart. *See* SSR 96-2p.

Finally, Plaintiff claims that the ALJ's analysis did not include any reference to evidence undermining Dr. Lockhart's opinion. ECF Dkt. #15 at 14. Plaintiff's assertion is incorrect as the ALJ cited to the opinions of the physician who performed the consultative examination and the state agency reviewing physicians. Tr. at 35. The opinion evidence offered by these physicians contradicts Dr. Lockhart's opinion that Plaintiff was unable to perform full-time work. Moreover, the ALJ provided "good reasons" for assigning less than controlling weight to Dr. Lockhart's opinion. Plaintiff fails to explain why the ALJ was required to cite further evidence beyond these "good reasons" when discounting Dr. Lockhart's opinion. Additionally, the ALJ

-10-

noted that Plaintiff had been working at the substantial gainful activity level since January 2014, over a year before the decision was issued. Plaintiff's work activity also undermines Dr. Lockhart's opinion that his impairments seriously limited his ability to work. For these reasons, the Court finds that the ALJ did not violate the treating physician rule.

### B.     Pain, Fatigue, and Other Subjective Symptoms

Plaintiff also asserts that the ALJ erred in the analysis of his pain, fatigue, and other subjective symptoms. ECF Dkt. #15 at 16. Continuing, Plaintiff states that the ALJ provided the following reasons for finding his subjective symptoms "not credible": (1) the medical record was not consistent with a disabling impairment; and (2) Plaintiff said he was unable to work due to his medical condition, yet stopped working for other reasons. *Id.* As for the first reason, Plaintiff claims the ALJ was not specific about what was inconsistent in the medical record, in violation of the Social Security Administration's rules and regulations. *Id.* at 16-18.

The ALJ provided specific reasons for finding that Plaintiff was not fully credible. Immediately after discussing Plaintiff's treatment history, the ALJ stated, "[a]s recounted above, the medical evidence of record contains many good examinations." Tr. at 34. In the discussion of Plaintiff's treatment history, the ALJ noted many normal and/or unremarkable findings. *See id.* at 33-34. These findings, recited immediately prior to the ALJ's credibility determination, support the conclusion that the medical record was not consistent with a disabling impairment. As for Plaintiff's statements about why he was unable to work, the ALJ correctly stated that Plaintiff provided conflicting reasons why he stopped working. During the consultative psychological examination, Plaintiff stated that he stopped working because his contract was terminated without reason. Tr. at 400. Dr. Lockhart's treatment notes state that Plaintiff said he lost his job due to cutbacks. Tr. at 375. Plaintiff testified that he was unable to work due to his fatigue and irregular bowel movements. *Id.* at 58-60. The reasons he was unable to work offered by Plaintiff during his testimony, namely his impairments, differ substantially from the reasons he provided during his treatment. The ALJ did not err when determining that Plaintiff was not fully credible on the basis that he testified that he could not work due to his impairments despite the treatment notes indicating that he stated he was not working since his contract was terminated

or he lost his job due to cutbacks. Accordingly, Plaintiff's argument that the ALJ erred in the analysis of his pain, fatigue, and other subjective symptoms fails.

## VI. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: September 22, 2017      */s/George J. Limbert*
                                                          GEORGE J. LIMBERT
                                                          UNITED STATES MAGISTRATE JUDGE